# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEROME J. MACK, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00955-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISS WITHOUT PREJUDICE BECAUSE OF UNTRUE POVERTY ALLEGATION**<br><br>**(Docs. 10, 13, 14)**<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>**Clerk of the Court to Assign a District Judge** |

## BACKGROUND

Plaintiff, Durrell Anthony Puckett, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), which he filed on July 11, 2018. (Doc. 1.) Plaintiff then filed a motion to proceed *in forma pauperis*. (Doc. 10.) Plaintiff's trust account indicates that less than one month before filing this action, Plaintiff had over $500 at his disposal to pay the filing fee. Instead of paying the filing fee, however, Plaintiff chose to spend nearly $400 the day he signed the Complaint and the day before this action was filed. (*Compare*, Doc. 1, p. 12 & Doc. 13, p. 2.)

On December 3, 2018, an order issued for Plaintiff to show cause ("OSC") within twenty-one (21) days why this action should not be dismissed based on the untrue poverty allegation in his application to proceed *in forma pauperis*. (Doc. 14.) Despite lapse of more than the allowed time, Plaintiff has failed to respond to the OSC.

///

1

# DISCUSSION

**I.     Legal Standard**

An indigent party may be granted permission to proceed *in forma pauperis* upon submission of an affidavit showing inability to pay the required fees. 28 USC § 1915(a). The determination as to whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds).

"The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984), citing *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple*, 586 F. Supp. at 850, citing *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). However, "[i]f an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (affirming district court denial of *in forma pauperis* where in past 12 months, plaintiff received a settlement in a civil action and no indication it was unavailable to plaintiff) (citing, *Temple*, 586 F.Supp. at 851(quoting *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971) (*per curiam*)).

In sum, to proceed *in forma pauperis*, a plaintiff need not demonstrate that he is completely destitute, but his poverty must prevent him from paying the filing fee and providing

his dependents with the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). A "'showing of something more than mere hardship must be made.'" *Nastrom v. New Century Mortg. Corp.*, No. 11-cv-1998, 2011 WL 7031499, at *1 (E.D. Cal. Dec. 7, 2011) (quoting *Martin v. Gulf States Utilities Co.*, 221 F.Supp. 757, 759 (W.D. La.1963)), report and recommendation adopted by, 2012 WL 116563 (E.D. Cal. Jan.12, 2012). Plaintiff has not shown that he has any dependents who would have been deprived of the necessities of life if he paid the filing fee in full and, since Plaintiff is currently incarcerated, the State of California is paying for his necessities of daily life. *Williams*, 877 F.2d 65.

The Court is entitled to consider the economic priority Plaintiff placed on the use of monies in his inmate trust account. *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citing *Alexander v. Carson Adult High School,* 9 F.3d 1448, 1449 (9th Cir. 1993). A district court is entitled to honor an inmate's decision of other use of available funds which the inmate considered more worthwhile than payment of a federal court's filing fee. *See Olivares*, at 112, (quoting *Lumbert v. Illinois Department of Corrections,* 827 F.2d 257, 260 (7th Cir. 1987) (Noting peanut and candy "comforts" purchased in the prison commissary; "If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy ... than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").) Here, the day Plaintiff signed the Complaint—which was the day before this action was filed—Plaintiff clearly prioritized a number of purchases and transactions over his obligation to pay the filing fee.

The determination whether a party can proceed *in forma pauperis* is a "matter within the discretion of the trial court and in civil actions for damages should be allowed only in exceptional circumstances." *Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("court permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process"). It is immaterial whether Plaintiff chose to spend the money that filtered in and out of his trust account in the months prior to filing this action elsewhere, or retained some that he could have used to pay the filing fee for this action but chose not to do so.

Plaintiff had more than sufficient money at his disposal the day before he filed this action, let alone within the preceding six months. Plaintiff thus did not qualify as impoverished when he filed his application to proceed *in forma pauperis*. "[T]he court shall dismiss the case at any time if the court determines the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

**RECOMMENDATION**

Accordingly, it is **HEREBY RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis*, filed on November 26, 2018 (Doc. 10), be **DENIED** and that this action be dismissed without prejudice. The Clerk of the Court is directed to randomly assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is informed that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 10, 2019**   /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE